T.C. Memo. 1996-557


UNITED STATES TAX COURT


DON H. WISDEN, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 9193-94.                    Filed December 26, 1996.


Don H. Wisden, pro se.

James B. Ausenbaugh, for respondent.


MEMORANDUM OPINION


CARLUZZO, Special Trial Judge:  This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182.  Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.  All Rule references are to the Tax Court Rules of Practice and Procedure.

Respondent determined deficiencies and additions to tax in petitioner's Federal income taxes as follows:

|       |            | Additions to Tax | |
| Year  | Deficiency | Sec. 6651(a)(1)  | Sec. 6654 |
| 1987  | $3,276     | $737             | $178      |
| 1988  | 3,649      | 821              | 234       |
| 1989  | 3,948      | 888              | 267       |
| 1990  | 4,014      | 874              | 254       |
| 1991  | 4,099      | 923              | 235       |
| 1992  | 4,196      | 944              | 181       |

After trial respondent conceded that there are no deficiencies or additions to tax for the years 1987 and 1988. The issues remaining in dispute are: (1) Whether petitioner earned income in the amounts attributed to him in the notice of deficiency for the years 1989 through 1992; (2) if so, whether certain of that income is subject to the self-employment tax imposed by section 1401; (3) whether petitioner is liable for the addition to tax under section 6651(a) for each year due to his failure to file a Federal income tax return; and (4) whether petitioner is liable for the addition to tax under section 6654 for each year due to his failure to make estimated tax payments.

Background

Some of the facts have been stipulated, and they are so found. At the time that the petition was filed in this case, petitioner resided in St. George, Utah. Petitioner did not file a Federal income tax return or make any estimated Federal income

tax payments for any of the years in issue. He did not maintain any records from which the amount of his income or Federal income tax liability for any of the years in issue could be computed.

Towards the end of 1992, petitioner received a letter from respondent's collection division as a result of his failure to file Federal income tax returns for 1989 and 1990. Respondent's letter, which was signed by Thomas Moore, Chief, Automated Collection Branch, indicated that petitioner had failed to respond to prior "notices" and requested that petitioner contact respondent by telephone at a number listed in the letter, or provide respondent with a telephone number where respondent could contact petitioner. Petitioner responded by letter dated January 22, 1993, that included 32 "interrogatories" requesting impertinent information, such as "who owns the IRS", and seeking Thomas Moore's address and a copy of his paycheck. Petitioner concluded his letter with a statement that unless he "received full and satisfactory answers and documents pursuant to the afore stated interrogatories * * * within 3 days from the date of this letter", he would "consider the matter closed". More correspondence between respondent and petitioner followed. Respondent repeatedly requested information related to years for which petitioner had failed to file Federal income tax returns, and petitioner repeatedly responded with letters that included "interrogatories" similar to those in his January 22, 1993, letter. The correspondence between the parties did nothing more

than result in respondent's considering the matter, in the words of respondent's examining revenue agent, as "basically a protestor case".

Set against the background of this correspondence, the years here in dispute were assigned to a revenue agent for examination sometime in the fall of 1993. The revenue agent attempted unsuccessfully to contact petitioner at petitioner's place of employment[1] on December 2, 1993. The examination was closed on January 10, 1994, and the notice of deficiency upon which this case is based was issued on March 23, 1994.

Because petitioner did not file Federal income tax returns for the years in issue, or keep any records reflecting the amount of income he earned and expenses he incurred during those years, and because there was little meaningful communication between petitioner and respondent during the examination stage, respondent reconstructed petitioner's income for each year relying in part upon information received from third-parties, and in part upon information published by the United States Bureau of Labor Statistics (BLS). The reconstruction of petitioner's income for each year as set forth in the notice of deficiency is summarized in the following table:

|  | 1989 | 1990 | 1991 | 1992 |
|---|---|---|---|---|

---

[1]The words "employment", "employer", etc. are used for convenience throughout this opinion. The use of such words is not meant to imply the existence of an employer-employee relationship.

| | | | | |
|---|---|---|---|---|
| Nonemployee Compensation | $8,677 | $6,792 | -0- | -0- |
| Wages | -0- | 5,729 | $ 5,963 | $9,328 |
| BLS Statistics | 8,137 | 4,605 | 11,606 | 8,768 |

The sources of the nonemployee compensation and wages are not identified in the notice of deficiency.

In 1989 and 1990, petitioner was single and living in a house owned by his sister-in-law in Tucson, Arizona. He contributed undisclosed amounts to the support and maintenance of the house. During these years he worked for Tucson Newspapers, Inc., as a newspaper delivery person. He also worked for Delivery Services, Inc., delivering packages to various locations around Tucson. Petitioner earned income from both of these companies but does not remember the amounts.

In late 1990, petitioner moved from Tucson to St. George, Utah. In 1991, while living in St. George, petitioner held several jobs. He was employed by Everex as an automated routing machine operator for 3 months. He worked for 3 months as a hotel desk clerk for the Heritage Inn Motel (Heritage) in St. George. He also worked as a desk clerk and a night auditor for the Peppermill Hotel Resort and Casino (Peppermill) in Mesquite, Nevada, for a period of 3 months. In each of these jobs petitioner worked 40 hours per week. He was paid $5.50 per hour at the Peppermill, $4.75 per hour at Everex, and $4.50 per hour at the Heritage. Some of these jobs might have started in 1990 and a portion of the income might have been earned in that year. However, there is insufficient evidence in the record to support

such a finding, and we base our conclusion that all of the income earned from these jobs was earned during 1991 on petitioner's testimony, even though such testimony was admittedly imprecise.[2] In addition, during 1991 petitioner worked for Motel 6 and received $5,963 in wages from that employer. It is unknown to what extent, if any, these periods of employment overlapped.

During 1992 petitioner worked for Motel 6. His wages ranged from $4 to $4.25 per hour and his total compensation from that employer amounted to $9,328 for the year. Petitioner was married as of the close of 1992.

In the notice of deficiency respondent reconstructed petitioner's gross income for each year in issue in accordance with the above table. She also determined that the nonemployee compensation and BLS income constitutes earnings from self-employment subject to the tax imposed by section 1401. In computing petitioner's taxable income for each year respondent allowed deductions that are not in dispute, or that will be

---

[2]On cross-examination, in response to questions specifically addressing the dates when petitioner began working for certain employers, petitioner testified:

> I may have been off a year or so because I didn't keep records of the amounts of compensation that I received. I also didn't -- obviously didn't keep records of the dates and times that I worked for the various entities. So, if I said I worked for somebody in * * * [one year] and I actually worked for them in * * * [a different year], it's not because I'm trying to mislead anybody or anything. It's because my memory is faulty on those years in question.

resolved in accordance with the disputed issues.  Petitioner's Federal income tax liability was computed for each year using the tax rates applicable to single individuals.  As previously indicated, for each year respondent also determined that the additions to tax under sections 6651(a)(1) and 6654 are applicable.

Discussion

The relevant law involved in this case could not be more firmly established.  Compensation for services constitutes income within the meaning of section 61 regardless of whether the income was earned as an employee or from self-employment, section 61(a)(1) and (2), and such income is subject to the tax imposed by section 1.  To the extent that any of petitioner's arguments suggest the contrary, they are summarily rejected, and we see no reason for further discussion on this point.  See Charczuk v. Commissioner, 771 F.2d 471 (10th Cir. 1985), affg. T.C. Memo. 1983-433.

In addition to other taxes, section 1401 imposes a tax upon an individual's self-employment income.  This tax is commonly referred to as the self-employment tax.  In general, section 1402(b) defines self-employment income as net earnings from self-employment, which generally consist of the gross income derived by an individual from any trade or business carried on by such individual, less the allowable deductions which are attributable to such trade or business.  Sec. 1402(a).  The self-employment

tax generally does not apply to compensation paid to an employee by an employer.  Sec. 1402(c)(2) and (3).

If a taxpayer fails to maintain adequate books and records from which the taxpayer's income can be determined, respondent is entitled to reconstruct the taxpayer's income through the use of any reasonable method.  Holland v. United States, 348 U.S. 121 (1954).  Reliance upon BLS statistics in the reconstruction of a taxpayer's income has been held to be reasonable.  Pollard v. Commissioner, 786 F.2d 1063 (11th Cir. 1986), affg. T.C. Memo. 1984-536; Giddio v. Commissioner, 54 T.C. 1530, 1533 (1970).

In this case it is undisputed that petitioner was engaged in an income-producing activity during each of the years 1989 through 1992, and we find that respondent's method of reconstructing petitioner's income for each year was reasonable under the circumstances.  That being the case, the determinations made in the notice of deficiency are presumed correct, and petitioner bears the burden of proving otherwise.  Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); see Jackson v. Commissioner, 73 T.C. 394 (1979).

In support of his burden of proof petitioner offered little more than his testimony, candidly admitting that he kept no record of his earnings during the years in issue and that his recollection as to the specifics of each year has faded. Although admitting to certain employment during the years in issue, petitioner maintains that he never earned as much as

respondent attributed to him in the notice of deficiency. Initially, petitioner took the position that he was not a "taxpayer" for the years in issue, and attempted at trial to present support for that proposition; however, it appears that petitioner has abandoned that position[3] and essentially only disputes respondent's determinations based upon the use of the BLS statistics and her determinations that certain of his income was subject to the self-employment tax.

As we view the case, we need only determine the amount and characterization of the compensation that petitioner received during each year. Our analysis, which follows on a year-by-year basis, takes into account the presumption of correctness applicable to respondent's determinations, and our impression that petitioner was a credible witness at trial.

### 1989

During 1989, petitioner worked as a newspaper carrier for Tucson Newspapers, Inc., and as a delivery person for Delivery Services, Inc. Petitioner could not remember, and did not estimate at trial, how much he earned from either of these jobs,

---

[3]In a chambers conference that took place following the trial, the Court warned petitioner against presenting frivolous arguments in his brief and called his attention to sec. 6673. Petitioner complained in his brief that he was "intimidated" by the Court during this conference. Due either to this perceived intimidation, or the exercise of sound judgment, to his credit, for the most part, he heeded the warning.

although it appears that he was compensated on other than an hourly basis.

In the notice of deficiency respondent determined that petitioner received nonemployee compensation in the amount of $8,677 from a source not identified in the record. We assume that the source of such income was one of the above-mentioned employers and that the BLS adjustment reasonably approximates the amount of income earned from the other. At trial petitioner admitted that he received compensation from both employers, although he testified that with respect to each year, as far as he knew, he has never been self-employed.

Given petitioner's poor recollection, his generalized testimony that he was never self-employed is insufficient to overcome the contrary presumption on the point, and in the absence of any evidence to rebut the reconstruction of his unreported income, including the use of BLS statistics, we find that all of the income attributable to petitioner for the year 1989 constitutes earnings from self-employment within the meaning of section 1402, subject to the tax imposed by section 1401. Accordingly, the deficiency determined by respondent for the year 1989 is sustained.

<u>1990</u>

Although not entirely free from doubt, it appears that petitioner's employment situation for 1990 was the same as 1989.

Petitioner was no more specific about the income he earned in 1990 than he was with respect to 1989.

In the notice of deficiency, in addition to an adjustment based upon BLS statistics, respondent determined that petitioner earned $6,792 in nonemployee compensation and had wage income in the amount of $5,729. The sources of the nonemployee compensation and wage income were not specifically identified, but petitioner did not specifically deny the receipt of such income. We assume that the sources of income were Tucson Newspapers, Inc., and Delivery Services, Inc. Having found petitioner to be a credible witness, we accept his contention that he had no other sources of income for the year 1990. We further find that the nonemployee compensation is subject to the self-employment tax imposed by section 1401. We reject the portion of respondent's adjustment that is based upon BLS statistics.

1991

Although the exact date is unknown, petitioner moved to St. George, Utah, in late 1990. After he moved to St. George, petitioner worked for Everex, Heritage, and Peppermill. Based upon his testimony we find that he earned the following income in connection with these jobs:

| Employer | Amount | Computation |
|----------|--------|-------------|
| Everex | $2,280 | 12 weeks x 40 hrs. per week x $4.75 per hr. |
| Heritage | 2,160 | 12 weeks x 40 hrs. per week x 4.50 per hr. |
| Peppermill | 2,640 | 12 weeks x 40 hrs. per week x 5.50 per hr. |

In addition petitioner also worked for Motel 6 during 1991 and received wage income in the amount of $5,963.

In the notice of deficiency respondent determined that petitioner received wage income from Motel 6 in the above amount and that petitioner received additional income based upon BLS statistics in the amount of $11,606.  Respondent further determined that this additional income was subject to the self-employment tax.  We find that petitioner received wage income from Motel 6 as determined in the notice of deficiency, that he had income from Everex, Heritage, and Peppermill in the amounts listed above, and that none of the income is subject to the self-employment tax.  In doing so, we reject the portion of respondent's adjustment that is based upon BLS statistics.

### 1992

In 1992 petitioner was employed by Motel 6.  He earned $9,328, and respondent appropriately made such an adjustment in the notice of deficiency.  We accept petitioner's assertion that he had no other income for the year 1992.  Consequently, we reject the portion of respondent's adjustment based upon BLS statistics.  Because petitioner was married as of the close of 1992, his Federal income tax liability for 1992 must be computed accordingly.

### Section 6651(a)(1) Addition to Tax

For each year in issue respondent determined that petitioner is liable for the addition to tax under section 6651(a)(1) for

his failure to file a Federal income tax return.  Section 6651(a)(1) provides for an addition to tax in the amount of 5 percent of the amount of the tax if the failure to file is for not more than 1 month, with an additional 5 percent for each month in which the failure to file continues, to a maximum of 25 percent of the tax in the aggregate.  The addition to tax is applicable unless it is shown that the failure to file is due to reasonable cause and not due to willful neglect.

There is no evidence in the record that suggests that petitioner's failure to file a Federal income tax return for any year in issue was due to reasonable cause and not due to willful neglect.  It was petitioner's burden to produce such evidence, Rule 142(a), and this he has failed to do.  Consequently, respondent's determination that petitioner is liable for the addition to tax under section 6651(a)(1) for each year in issue is sustained.

Section 6654 Addition to Tax

For each year in issue respondent determined that petitioner is liable for the addition to tax under section 6654(a) for his failure to make estimated tax payments.  Subject to exceptions provided in the statute, the imposition of the addition to tax is otherwise automatic if the amount of the withholdings and estimated payments does not equal statutorily designated amounts. Niedringhaus v. Commissioner, 99 T.C. 202, 222 (1992); Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980).

Because respondent conceded that petitioner had no tax liability for the year 1988, it follows that petitioner is not liable for the addition to tax under section 6654 for the year 1989. Sec. 6654(e)(2). Although petitioner did not make any estimated tax payments during any of the years in issue, it appears that some of petitioner's employers withheld Federal income taxes from the wages paid to him. Whether the conditions necessary for the imposition of the addition to tax exist with respect to the other years, and if so whether any exception applies, can only be determined after the Rule 155 computations have been submitted.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>under Rule 155</u>.